ROBERT L. BLAND, Judge.
Claimant, J. J. Rader, filed his petition in this proceeding on September 22, 1941, and therein alleged substantially the following facts: That he is damaged and has suffered loss by reason of a highway accident in Grant county, West Virginia; that on the 27th day of July 1938, in the course of his usual business, he was traveling on that road or highway located in Grant county, between the towns of Greenland and Scheer, said highway being under the care, supervision and control of the state road commission of West Virginia, and kept and maintained by it for public use and travel; that he was traveling and operating on said road or highway at about 12:30 in the afternoon on said 27th day of July 1938, a light mail truck, and that despite careful and cautious operation of said truck by him said truck was damaged and rendered unfit for use and he was bruised and injured in a head on collision with a heavy lumber truck, driven and operated by one Ernest Rqtruck; that said collision or accident occurred on a curve in said road where the *110 state road commission had permitted said road to become unsafe for ordinary, reasonable and lawful use by reason of brush and undergrowth -growing into and on the borders of said road, overhanging said road, so as'.to make it impossible for the driver of either of the trucks so involved to see the other and avoid the collision; that at the time of said collision or accident the view ahead from the place of said collision or accident was limited to a space of not more than thirty feet; that within two days after said collision occurred the said road commission, by its agents and employees, had cut and cleared away such bush and undergrowth to a reasonable distance from the borders of said road, affording a view ahead at the point of said collision of at least three hundred feet; that said collision occurred without negligence or fault on the part of petitioner and without negligence on the part of said Ernest Rotruck, the driver and operator of said other truck involved, and was caused solely by the obstructed view and dangerous condition of said road or highway as permitted to exist by said road commission, and that the damage to petitioner’s truck amounted to the sum of $118.91, and that he is justly and equitably entitled to have an award for said amount. It further appears from the record that on February 4, 1941, a bill was introduced in the House of Delegates of the Legislature of that year, being House Bill No. 145, to provide for the authorization of the payment by the state road commission to said claimant of the said sum of $118.91. No action having been taken on said bill by the Legislature, the same was certified by the clerk of the House of Delegates to the court, of claims. But, being required so to do by this court, claimant filed a new claim as above stated. The special assistant attorney general filed a general denial of liability of said claim on November 15, 1941. Said claim was placed upon the trial calendar of this court, at its regular October term 1941, for hearing on November 17. When the calendar was called there was no appearance on the part of claimant in person or by counsel, although the court reporter was in attendance as were also witnesses summoned on behalf of the state, and no reason was assigned at that time for failure of claimant to appear and prosecute his said claim. Claimant was thereafter notified that said claim would not be placed *111 upon the trial calendar for hearing until he should ask to have it fixed for hearing and be ready to proceed with proof in support of his claim, which he accordingly did. Said claim was then placed on the trial calendar for hearing on the 26th of February 1942, at a special term of this court held in the city of Wheeling, the county seat of Ohio county, for the convenience of the parties concerned. When said claim was reached on the calendar of the court at said special term, the claimant did not appear in person or by counsel to prosecute his said claim, and the special assistant to the attorney general moved that said claim be dismissed for failure of prosecution after having been placed upon the court’s calendar for hearing upon two separate occasions. While it is the policy of the court of claims to give every claimant whose claim falls within the prima facie jurisdiction of the court a full hearing upon its merits, when a claim is placed upon the court’s calendar for investigation and hearing he will be required to appear and prosecute the same or show satisfactory reason for his failure so to do; and when a claim is twice placed upon the trial calendar for hearing and the claimant fails to appear and prosecute the same it will, on motion of the attorney general, be dismissed on condition that it may be reinstated provided such claimant shall show satisfactory cause to the court why such claim should be reinstated upon the court’s calendar for investigation and hearing, and such order was made in the instant case.